Judge Nicholas
delivered the opinion of the Court.
Ogden having title, executed a bond for the conveyance of a piece of land to Ligón, who having paid therefor, assigned the bond to Morgan, who assigned it to Alexander, with notice of the non-payment of the purchase money due from ¿vior *289 gan to Ligón, and of the lien asserted by the latter on the land, for its payment. *
Ijhm* * xi*,1' in fai or of a - signor vs- assignee of tit.le bond for land whilst it remains with assignee, Reid vs. Wiseman’s 7 J-J. eqUitflbl^ right t<> land ha« a lien -or |i!^jo"n®yhen 0V(,r vendor of le^al rb>ht jF™ purchase money, does not wWther'tho ’ proprietor-c™“ gal'or^quitable title; it results from the right the vendor bus, to make the land answer* able f*»r the price for which it was i”"VJ.Usteo*to"6 vendor <>f the estate, for the "I"”11'1 pur. anc* a]j per. ;der similar oircumctances would have an equitable Hen. Stewart vs. Flutiom 3 J. J* M. l'S. . . un^lerhim^no matfer how remote, who of th "trust stand in his’ shoes. Itmuit her "ho first" transfer be by assignment of a bond fora tit'o, or by conveyance; or whether mU^covc-nant ofwarranty.
*289 Ligón filed his bill against Ogden, Morgan, and relief' Alexander, asserting these facts, and praying •by a sale of the land, for the satisfaction of the purchase money due him from Morgan On demurrer his bill was dismissed in the circuit court.
So far as our researches have enabled us to ascertain, the decisions of this court furnish no precedent for a case exactly like this, and it must, therefore, be determined upon analogy alone. It. was decided, at the present term, in the case of Reid vs. man’s heirs, that a hen for the purchase money existed in favor of the assignor against the assignee of a title-bond for land, whilst it remained in the hands of the assignee. In the case of Stewart vs. Hutton, III. J J. Mar. 178, it was said that, where one sells an equitable right to land, held hv entry and survey, he has a lién on it for the consideration, whenever, under the same circumstances, the vendor of the legal title would hold an equitable lien, and that the same reason and principle apply to both-cases.
Still approving the doctrine as settled in those cases, we cannot perceive why it should not be made to embrace this, and affect uate a lien on the land in favor of an assignor against a remote assignee of the title bond, purchasing with notice. .
The principle upon which the lien is created, is, that for the unpaid purchase money, the vendee is considered as a trustee of the estate for the vendor. So far as it relates to the abstract equity, upon which the lien was founded, it can make no difference whether the proprietorship of the land was evidenced or held by a legal or equitable title. That abstract equity is a right to make the laud answerable to its vendor, for the price, for which it was sold.
There is no magic in the circumstance that the title sold was the legal title, or that it was transferred by absolute conveyance. The lien does not arise from, nor is it attached to, the deed of conveyance, but proceeds from the contract of sale, and is attached to the land. I he vendee is construed to be, *290 and is clothed with the character of, a quasi trustee, and all persons claiming under him with notice of the trust, stand in his shoes. Where A conveys to by deed, B sells to C by bond for conveyance, C having notice of A’s lien for the purchase money, there would be no difficulty in enforcing the lien against C, or any successive number of persons claimjng from him by assignment of the bond. There *s n0 essential difference, as to the substance of the transaction, and there should be none made, where the first transfer is by an assignment of a bond for ^ie conveyance. The lien depends in no degree whatever, upon the circumstance whether the vendor conveyed with or without covenant of warran¿y. exists in his favor in either case, J . . . . . . ,
No assignor in theTiands of assignee "aiiTtho chase money to hi* vendor, Ttro liens sis-mwio last assignee take pr"ordin'""o jjrioi’ity"as° they would wore the made by"* deed. Statute an-a^sTnment of bonds &c. does not operate upon the or of bond for land; nor pm'suinghit in the hands of nee*°1°
*290 . . . . . . , It is objected that this extension of the lien, against a remote assignee, is calculated to produce a war °f irrecopsilable and conflicting liens. Wecannot perceive how any such result is to ensue. Before any assignor can have such a lien, he must show himself to have been the beneficial owner of the property, by payment of the purchase money to his vendor. With this borne in mind, there can be no difficulty in reconciling any number of distinct liens from the first assignor to the last assignee of the bond. Each takes precedence according to his priority in point of time. The whole would be regulatcd in precisely the same manner, that it would where the transfers were made by deed,
It is further objected that the holder or last assignee’ <;an slie °b^gor f°r not conveying, thereby rescind the contract, and convert the whole into a judgment for damages. Whether he could do so or not, s0 as to defeat the assignors lien, need not now be determined, for conceding that he could, that would not prevent the enforcement of the lien by a suit brought before the contract was rescinded. same argument would equally prove that the vendor, by absolute conveyance, could have no lien against a remote vendee with notice, for the vendee would have an equal right to defeat the lien by sale anc* conveyance to one not having notice,
We do not perceive the application or bearing of sf;atute) which authorizes the transfer of the bond *291 by assignment. It merely authorizes this mode of transferring the equitable right to the land, and leaves the question wholly untouched, whether the assignor of such a right, has a lien, or whether can follow it, into the hands of a remote assignee, purchasing with notice.
Dissent
Marshall, for plaintiff;. Payne, for defendant.
It is ever matter of some delicacy, to apply, even' the best settled principles to new cases, and it should always be done with caution. This is the sole cause of any hesitancy in this case. We have endeavored carefully to explore all the ground over which this new application of the vendor’s right of lien is to carry us. We can discern no obstacles in our path.
Wherefore, decree reversed, and cause remanded with directions to overrule the demurrer, and for further proceedings consistent herewith.
Plaintiff in error to recover costs,